16-2346
C.D.S., Inc. v. Zetler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand seventeen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                    *Circuit Judges.*

_____

C.D.S. INC.,

         *Plaintiff-Appellee,*

         -v.-                                          16-2346

BRADLEY ZETLER, CDS, LLC, RAPID SYSTEMS CC,

         *Defendants-Appellants.*[1]

_____

Appearing for Appellant:     IHSAN DOGRAMACI, New York, NY.

Appearing for Appellee:      DAVID L. LEICHTMAN, New York, NY.

                             Alfred N. Metz, *on the brief*, Norris McLaughlin & Marcus, P.A., New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendants-appellants Bradley Zetler, CDS, LLC, and Rapid Systems CC (collectively "Rapid Systems") appeal from the June 6, 2016 order granting a motion for a preliminary injunction brought by plaintiff-appellee C.D.S., Inc. ("C.D.S."), as well as certain other orders implementing the injunction, entered by the United States District Court for the Southern District of New York (Marrero, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## 1. Compliance with Rule 65(d)

Federal Rule of Civil Procedure 65(d) requires that "[e]very order granting an injunction . . . must . . . state its terms specifically; and . . . describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." "We review *de novo* whether the injunction[] compl[ied] with Rule 65(d)." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 143 (2d Cir. 2011).

Rapid Systems first contends that the district court's initial preliminary injunction, entered June 6, 2016, was impermissibly vague, and that it referred to a "Shared Access Plan," an outside document. But the district court entered an additional, later order explaining precisely the terms on which the parties were to cooperate, thus superseding the more general terms of the June 6, 2016 order as they regarded the Shared Access Plan. "Once a challenged order expires and becomes moot . . . a reviewing court retains jurisdiction only when the dispute is one capable of repetition yet escap[ing] review. . . ." *Johnson Newspaper Corp. v. Morton*, 862 F.2d 25, 30 (2d Cir. 1988); *see also Hunter Co. v. McHugh*, 320 U.S. 222, 226-27 (1943) (holding that a case "has . . . become moot so far as it is concerned with" a superseded order). Rapid Systems makes no persuasive argument that this appeal falls within the "capable of repetition yet escap[ing] review" exception. We thus review only the revised order, which is the operative document regarding the Shared Access Plan.

Rapid Systems argues also that the district court's orders, including the later-entered Shared Access Plan, delegate too much power to the Special Master because the Special Master is empowered to resolve the parties' disputes, including those over design of the software. In *Mickalis Pawn Shop*, we held that a district court overstepped its authority when it "delegated [the Special Master] broad power to determine the content of an injunction as well as effectively wield the court's powers of contempt." *Mickalis Pawn Shop*, 645 F.3d at 145. We have also explained, however, that "the use of a special master" to "implement the district courts' orders . . . is permissible so long as the master's powers are tailored" appropriately. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1181 (2d Cir. 1996) (internal citations and quotation marks omitted). And the use of Special Masters has been upheld, if appropriate, even where they enjoy extensive powers to administer a court's decree. *See E.E.O.C. v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 532 F.2d 821, 829 (2d Cir. 1976) ("The appointment of an administrator with broad

powers over Local 28 and the JAC is clearly appropriate under the circumstances here. . . . [I]t is necessary for a court-appointed administrator to exercise day-to-day oversight of the union's affairs.").

Here, the Special Master is not designing terms of the Shared Access Plan absent court approval. Instead, the Special Master's independent power is limited to reviewing particular technical or design disputes between the parties. This authority falls within the administrative function we have approved in past cases.

## 2. Decision to Issue Injunction

A plaintiff seeking a preliminary injunction must first establish either "a likelihood of success on the merits," or, in the alternative, that there exist "sufficiently serious questions going to the merits to make them a fair ground for litigation," and that the "balance of hardships tip[s] decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). The movant must also show "that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (citation omitted). "[W]e review a district court's decision on a motion for preliminary injunction for abuse of discretion." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 167 (2d Cir. 2001) (citation omitted). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 169.

Rapid Systems argues that the district court gave short shrift to the harm the injunction would work upon Rapid Systems. But none of its arguments demonstrate that the district court committed clear error in determining that the balance of hardships favored C.D.S. because C.D.S. "risks being forced out of business significantly or entirely without access to the accounts and tools from which it has been excluded by Rapid Systems," Special App'x at 5.

Rapid Systems also argues that C.D.S. will not suffer irreparable injury absent the injunction, contending that the district court failed to scrutinize C.D.S.'s testimony sufficiently, that it failed to credit Zetler's testimony, and that it erred in determining that loss of business reputation was irreparable. The district court committed no error in determining that C.D.S. would suffer harm to its business reputation based on its employees' testimony that customers had complained about software bugs that could be fixed only by making changes to the software's code, which C.D.S. could not access. Moreover, Rapid Systems fails to address the district court's finding that Zetler had denied C.D.S. access to certain technical features, which renders incredible Zetler's testimony that he stood ready to help C.D.S. Finally, the district court's finding that loss of business reputation was an irreparable injury was not clear error, particularly in light of its conclusion that C.D.S. might be destroyed entirely without a preliminary injunction.

3

We have considered the remainder of the arguments made by Rapid Systems and determine that they are meritless. The district court's order entering the preliminary injunction, as modified by those orders implementing and replacing it, are therefore **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk