C.D.S., INC., Plaintiff,

v.

Bradley ZETLER, et al., Defendants.

16 Civ. 3199 (VM)

United States District Court, S.D. New York.

Filed 07/20/2017

Anna Sydney Park, Rosner, Nocera & Ragone, LLP, David Leichtman, David H. Brill, Richard A. Mescon, Shevani Jaisingh, Tatsuya Adachi, Leichtman Law PLLC, Jeremy Evan Deutsch, Deutsch, Metz & Deutsch, LLP, Siddartha Rao, Rao Law Group, Alfred N. Metz, Ami Bhatt, Andrew Parfomak, Christian Vincent Cangiano, Norris, McLaughlin & Marcus, P.A., New York, NY, Joseph J. Fleischman, Edward George Sponzilli, Robert Mahoney, Norris, McLaughlin & Marcus, Bridgewater, NJ, for Plaintiff.

Ihsan Dogramaci, Joshua Martin MacLeod, The Law Office of Ihsan Dogramaci, Lewis P. Trippett, Higgins & Trippett L.L.P., New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Plaintiff C.D.S. Inc. ("C.D.S.") commenced this action against defendants Bradley Zetler ("Zetler"), CDS, LLC, and Rapid Systems CC (collectively with Zetler and CDS, LLC, "Rapid Systems") alleging in its complaint various violations of state and federal law. ("Complaint," Dkt. No. 1.) These claims arise out of the parties' disputes relating to the computer software services they provide to their clients in the fashion industry. Rapid Systems has asserted several direct and derivative claims against C.D.S.; its CEO, Diane Treat ("Treat"); three directors of C.D.S., Jerome Viollon ("Viollon"), Christelle Riot

("Riot"), and Christophe Racle ("Racle"); the majority shareholder of C.D.S., Jerome Marechaux ("Marechaux"); and against CDS SARL, a French company majority-owned by Marechaux that employs Viollon, Riot, and Racle (collectively, the "Counterclaim Defendants").

On June 6, 2016, this Court granted C.D.S.'s motion for a preliminary injunction and ordered Rapid Systems to provide C.D.S. access to a number of accounts and software tools necessary for C.D.S. to continue operating its business of selling Agencypad, a software application, to talent and booking agencies in the fashion industry pending resolution of the instant dispute. See C.D.S., Inc., v. Zetler, 190 F.Supp.3d 375, 376 (S.D.N.Y. 2016) (the "Preliminary Injunction Order"). Rapid Systems appealed the Preliminary Injunction Order, and the Second Circuit affirmed. See C.D.S. Inc., v. Zetler, et al., 691 Fed.Appx. 33, 35, No. 16-2346, 2017 WL 2347559, at *2 (2d Cir. May 31, 2017).

Pursuant to the Preliminary Injunction Order and Rule 53 of the Federal Rules of Civil Procedure ("Rule 53"), the Court appointed Daniel Garrie ("Garrie," or the "Special Master") to serve as special master "to advise the Court and the parties on the technical questions in dispute in this case, facilitate agreement between the parties on technical and operational issues, monitor compliance with the preliminary injunctive relief, and mediate disputes within the scope of the Preliminary Injunction Order." C.D.S., Inc., v. Zetler, No. 16 CIV. 3199, 2016 WL 3522197, at *1 (S.D.N.Y. June 15, 2016) ("June 15 Order"). In appointing the Special Master, the Court ordered that "Mr. Garrie's fees and reasonable expenses relating to his duties as special master shall be allocated as follows: 50 percent to be paid by [C.D.S.] and 50 percent to be paid by [Rapid Systems]." Id. at *1.

On June 28, 2016, the Special Master submitted proposed recommendations, later stipulated to by the parties, for procedures by which to implement the Preliminary Injunction Order. See C.D.S., Inc., v. Zetler, No. 16 CIV. 3199, 2016 WL 7668473, at *4 (S.D.N.Y. June 29, 2016). Under those procedures, a party requesting immediate resolution of a software issue related to Agencypad must submit a "hot patch." Id. If there is a dispute about the implementation of the hot patch, that dispute is decided by the Special Master. See id. "The losing Party is to pay the Special Master's fees in connection with the resolution of [the submitted Hot Patch] issue." Id.

By Order dated February 24, 2017, the Court denied Rapid Systems's earlier request for modification of the Special Master's fees. See C.D.S., Inc., v. Zetler, No. 16 CIV. 3199, 2017 WL 1019499, at *6 (S.D.N.Y. Feb. 24, 2017).

By letter dated April 13, 2017, Rapid Systems objected to the fees invoiced by the Special Master on the grounds that the timesheets accompanying the invoices are deficient because they (1) use "block billing"; (2) contain unreasonably vague descriptions of the work performed; and (3) include excessive time that should not have been billed to the parties. ("April 13 Letter," Dkt. No. 277.)

On May 12, 2017, the Court ordered the Special Master to submit an application to the Court for payment of his fees. (May 12, 2017 Hearing Transcript at 2:25–3:19.) On May 17, 2017, the Special Master submitted to the Court a "Declaration of Special Master Daniel Garrie and Request for Order to Show Cause." ("Garrie Declaration," on file with chambers.) The Garrie Declaration attached, among other things, invoices from JAMS, the organization

through which the Special Master was retained. (Garrie Declaration, Ex. B at 3.) Invoices for $80,553.30 were addressed to counsel for C.D.S. (Id.) Invoices for $105,553.30 were addressed to counsel for Rapid Systems. (Id. at 6.) The Special Master stated that those were the amounts he was owed by each party. (Garrie Declaration at 1.) The Special Master explained that "the parties' unnecessarily voluminous submissions to the Special Master and failure to cooperate on technical matters ... have significantly increased the time and resources the Special Master has had to expend to perform his duties." (Id. at 2.)

By letter dated May 18, 2017, Rapid Systems objected to the Garrie Declaration. ("May 18 Letter," Dkt. No. 298.) Rapid Systems renewed its objections from the April 13 Letter, and argued that the Special Master himself was the cause of any additional time he spent on the matter, and that the Special Master unfairly singled out Rapid Systems, when C.D.S. is equally culpable. (Id.)

By Order dated June 2, 2017, the Court declined to modify the time billed by the Special Master. C.D.S., Inc. v. Zetler, 254 F.Supp.3d 625, 633–35, No. 16 CIV. 3199, 2017 WL 2537816, at *7–*8 (S.D.N.Y. June 2, 2017) ("June 2 Order"). The Court found that the extensive amount of time the Special Master spent on this matter due to "the parties' 'unnecessarily voluminous submissions ... and failure to cooperate' [was] certainly consistent with the parties' conduct in this Court." Id. at 634, 2017 WL 2537816, at *8. The Court found, however, that the Special Master should not have used block billing and vague descriptions of his work and therefore directed the Special Master to submit invoices to the Court that do not use block billing and contain more detail regarding the work done by the Special Master. Id.

On July 14, 2017, JAMS submitted to this Court (1) revised invoices for the Special Master's services for the period disputed by Rapid Systems, November 2016 to January 2017; (2) invoices for the period May to June 2017, which appear not to be disputed by either party; and (3) a "Statement of Account" for each of C.D.S.'s and Rapid Systems's counsel showing unpaid fees by each party. ("JAMS Submission," on file with Chambers.) The invoices total 38 pages for each party and provide multiple time entries per day. The invoices also contain more detailed descriptions of the services provided by the Special Master than those submitted with the Garrie Declaration. The Court is persuaded that the revised invoices address the concerns raised in Rapid Systems's April 13 Letter regarding block billing and vague descriptions. Moreover, the time for which the Special Master invoiced the parties is reasonable in light of the scope of his retention and the parties' own excessively contentious practices—previously noted by this Court and by the Magistrate Judge overseeing pretrial proceedings—and is well supported by the invoices.

For the reasons stated above, it is hereby

**ORDERED** that plaintiff C.D.S. Inc. ("C.D.S.") is directed to pay a total of $76,940.70 to JAMS for services provided by special master Daniel Garrie (the "Special Master") during the period from December 1, 2016 to June 30, 2017, such payment to be made by not later than thirty (30) days from the date of this Order; and it is further

**ORDERED** that defendants Bradley Zetler, CDS LLC and Rapid Systems CC (collectively, "Rapid Systems") are directed to pay a total of $86,940.70 to JAMS for services provided by the Special Master during the period from December 1, 2016

to June 30, 2017, such payment to be made by not later than thirty (30) days from the date of this Order.

**SO ORDERED.**