VICTOR MARRERO, United States District Judge.
Plaintiff C.D.S., Inc. ("C.D.S.") commenced this action against defendants *96 Bradley Zetler, CDS, LLC, and Rapid Systems CC (collectively, "Rapid Systems") alleging in its complaint various violations of state and federal law. ("Complaint," Dkt. No. 1.) Rapid Systems has asserted several direct and derivative counterclaims against C.D.S.; its CEO, Diane Treat; three directors of C.D.S., Jerome Viollon, Christelle Riot, and Christophe Racle; the majority shareholder of C.D.S., Jerome Marechaux; and CDS SARL. ("Answer," Dkt. No. 91.) All of these claims arise out of the parties' disputes relating to the computer software services they provide to their clients in the fashion industry.
On June 6, 2016, the Court granted C.D.S.'s motion for a preliminary injunction and ordered Rapid Systems to give C.D.S. access to a number of accounts and software tools necessary for C.D.S. to continue operating its business of providing software products to talent and booking agencies in the fashion industry (the "Preliminary Injunction Order"). See C.D.S., Inc. v. Zetler, et al., 190 F.Supp.3d 375, 376 (S.D.N.Y. 2016). Rapid Systems appealed the Preliminary Injunction Order, and the Court of Appeals for the Second Circuit affirmed. See C.D.S. Inc. v. Zetler, et al., 691 Fed.Appx. 33, 35 (2d Cir. 2017).
Pursuant to the Preliminary Injunction Order and Rule 53 of the Federal Rules of Civil Procedure, the Court appointed Daniel Garrie as special master (the "Special Master") "to advise the Court and the parties on the technical questions in dispute in this case, facilitate agreement between the parties on technical and operational issues, monitor compliance with the preliminary injunctive relief, and mediate disputes within the scope of the Preliminary Injunction Order." C.D.S., Inc. v. Zetler, et al., No. 16 Civ. 3199, 2016 WL 3522197, at *1 (S.D.N.Y. June 15, 2016).
On May 8, 2017, the Special Master issued a report and recommendation aimed at restoring the status quo of the parties' business operations in accordance with the Preliminary Injunction Order. ("Report and Recommendation," see Dkt. No. 325, Ex. B.) On June 2, 2017, the Court adopted in part and denied in part the Report and Recommendation (the "June 2, 2017 Order"), ordering, among other things, that Rapid Systems provide C.D.S. with limited access to the Portfoliopad "Rapid Administration" database, which underlies Agencypad, the ownership of which is at issue in this case, and Portfoliopad, which is owned by Rapid Systems. See C.D.S., Inc. v. Zetler, 254 F.Supp.3d 625, 629-31, 2017 WL 2537816, at *3-4 (S.D.N.Y. 2017). The Court found that the Special Master's recommendation would achieve the Preliminary Injunction's purpose of allowing C.D.S. to continue selling Agencypad during the pendency of this litigation, "while attempting to minimize any disruption to Rapid Systems and C.D.S.'s access to portions of the [Rapid Administration] database that are linked only to the Portfoliopad software, not to Agencypad." Id. at 630, 2017 WL 2537816 at *4.
The June 2, 2017 Order also denied Rapid Systems's motion to disqualify the Special Master on the basis of his prior relationship with Siddharta Rao ("Rao"). See id. at 631-32, 2017 WL 2537816 at *5. Because the Court had previously denied Rao's application to substitute C.D.S.'s former counsel in this case, "[a]ny further motions to remove the Special Master would be frivolous absent substantiated evidence that Rao continues to represent C.D.S. in connection with this matter despite the Court's orders." Id.
C.D.S. subsequently began building a technical modification to Agencypad titled "Hot Patch 20" to restore the software's functionality, as instructed by the Report *97 and Recommendation. (See Dkt. No. 325 at 2.) On June 9, 2017, Rapid Systems sent a letter to the Special Master objecting to Hot Patch 20 on the grounds that it would provide C.D.S. customers with overly broad access to the Rapid Administration database and, consequently, to Portfoliopad. (See Dkt. No. 325, Ex. D.) After considering oral and written arguments from both parties, the Special Master denied Rapid Systems's objections and found that Hot Patch 20 "restores the Agencypad features that were the status quo prior to May 8, 2017 and are necessary for [C.D.S.] to maintain and operate its business during the pendency of the litigation." ("Hot Patch 20 Order," Dkt. No. 325 at 4-5.)
Rapid Systems now objects to the Special Master's Hot Patch 20 Order on the grounds that: (1) the Special Master did not adequately respond to Rapid Systems's substantive objections to Hot Patch 20; (2) Hot Patch 20 improperly gives certain C.D.S. customers access to Portfoliopad storage space; and (3) new evidence showing that Rao has been acting as C.D.S.'s corporate counsel demonstrates that the Special Master's decision was motivated by bias. (See"Rapid Systems Objections," Dkt. No 335.)
C.D.S. responds that (1) Hot Patch 20 properly restores functionality to Agencypad without providing C.D.S. customers access to features or data unique to Portfoliopad; (2) the Special Master did consider Rapid Systems's substantive arguments in the Hot Patch 20 Order; and (3) Rapid Systems's arguments that the Special Master is biased because of Rao's ongoing connections to C.D.S. are frivolous and Rapid Systems should be sanctioned for raising them. (See"C.D.S. Response," Dkt. No. 352.) The Court construes the C.D.S. Response as a motion to adopt the Hot Patch 20 Order and to sanction Rapid Systems.
The Court is not persuaded that Hot Patch 20 provides C.D.S. or its customers overbroad access to Portfoliopad or its underlying data. The June 2, 2017 Order instructed the Special Master that C.D.S. should be granted access to Rapid Administration data that are necessary for the functioning of Agencypad while minimizing C.D.S.'s access to data "that are linked only to the Portfoliopad software, not to Agencypad." C.D.S., 254 F.Supp.3d at 629-31, 2017 WL 2537816 at *3-4. Rapid Systems has made no showing that Hot Patch 20 would provide C.D.S. customers access to data that underlie Portfoliopad and not Agencypad. Instead, Rapid Systems argues that C.D.S. customers who use Agencypad but do not pay for Portfoliopad should no longer be able to access images that are stored in Portfoliopad's database. (See Rapid Systems Objections at 4-6.) However, the June 2, 2017 Order made clear that in order to maintain the pre-litigation status quo, data that is relied upon by both Agencypad and Portfoliopad must continue to be accessible to C.D.S. customers who use Agencypad. The ultimate ownership of the data necessary for the optimal functioning of Agencypad is an issue to be determined by the trier of fact in this case, and the Hot Patch 20 Order properly provides C.D.S. customers access to that data until the ownership issue is resolved at trial.
The Court is also not persuaded that the evidence showing that Rao attended three C.D.S. board meetings between June 2016 and March 2017 and that certain C.D.S. directors referred to Rao as counsel for C.D.S. warrant an inference of bias on the part of the Special Master. In the June 2, 2017 Order, the Court held that any argument regarding the Special Master's supposed bias on the basis of his *98 connection to Rao would be "frivolous absent substantiated evidence that Rao continues to represent C.D.S. in connection with this matter despite the Court's orders." C.D.S., 254 F.Supp.3d at 632, 2017 WL 2537816 at *5. The evidence Rapid Systems presents regarding Rao's connection to C.D.S. is irrelevant both because it predates the June 2, 2017 Order and because it does not show that Rao represented C.D.S. in connection with this matter. Thus, Rapid Systems's arguments are meritless under the terms of the June 2, 2017 Order. Accordingly, the Rapid Systems Objections to the Hot Patch 20 Order are overruled.
Nonetheless, the Court is not persuaded that Rapid Systems's arguments warrant the imposition of sanctions at this time. Under Rule 11 of the Federal Rules of Civil Procedure, sanctions may be warranted where, among other things, a party files papers for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or where a party raises arguments that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b), (c). While Rapid Systems's arguments concerning the Special Master's supposed bias are meritless, there is no evidence that Rapid Systems presented them for an improper purpose. Additionally, Rapid Systems presented new evidence regarding Rao's connections to C.D.S. that extended up until March 2017, (see Rapid Systems Objections at 9-10,) the same month that Magistrate Judge James Cott denied Rao's application to substitute C.D.S.'s prior counsel, (see Dkt. No. 251 at 14.) Thus, while Rapid Systems's arguments push the bounds of frivolity as defined by this Court's June 2, 2017 Order, they do not warrant sanctioning at this time. The Court cautions, however, that the neutrality of the Special Master should not be further questioned unless actual evidence surfaces of Rao's continued representation of C.D.S. in this case.
Accordingly, it is hereby
ORDERED that the objections (Dkt. No. 335) of defendants Bradley Zetler, CDS, LLC, and Rapid Systems CC to the Order of Special Master Daniel Garrie Denying Rapid Systems's Objection to Hot Patch 20 (Dkt. No. 325) are OVERRULED ;
ORDERED that the motion (Dkt. No. 352) of plaintiff C.D.S., Inc. to adopt the Order of Special Master Daniel Garrie Denying Rapid Systems's Objection to Hot Patch 20 (Dkt. No. 325) is GRANTED ; and it is further
ORDERED that the motion (Dkt. No. 352) of plaintiff C.D.S., Inc. to impose sanctions upon defendants Bradley Zetler, CDS LLC, and Rapid Systems CC is DENIED.
SO ORDERED.